TRIPP COUNTY STATE BANK OF COLOME, Appellant, v.
FARMERS CO-OP. UNION OF COLOME et al,
Defendants and Respondents.

(210 N. W. 674.)

(File No. 5842.   Opinion filed November 15, 1926.)

**Bills and Notes—Corporations—Individual Signing Notes of Co-op-
erative Union as President, Secretary, and Director Held Not
Liable on Ground That Debt Was Created Beyond Amount Au-
thorized by Statute, and That Hence They Were Not Duly
Authorized, Notes Being Far Pre-existing Debt (Rev. Code
1919, §§ 1724, 8789, 8839-8853).**

Individuals signing notes as president, secretary, and director
of co-operative association, organized under Rev. Code 1919, §§
8839-8853, held not liable on ground that notes created indebt-
edness in excess of subscribed capital stock, contrary to section
8789, and that individuals were therefore not duly authorized,
within section 1724, relieving from liability one signing in rep-
resentatives capacity if duly authorized, where notes were exe-
cuted for pre-existing debt.

Note.—See, Headnote, A m e r i c a n  Key-Numbered  Digest,
Bills and notes, Key-No. 123 (2), Associations, 5 C. J. Sec. 61.

For annotations on Rev. Code 1919, Sec. 1724, see 5 U. L. A. 92
and supplements.

Appeal from Circuit Court, Tripp County; Hon. N. D.
Burch, Judge.

Action by the Tripp County State Bank of Colome against the
Farmers' Co-Operative Union of Colome, A. W. Carlon, J. B.
Painter, C. M. Barton, and another.   Judgment denying relief
against the named individual defendants, and plaintiff appeals.
Affirmed.

*E. O. Patterson,* of Washington, D. C., and *W. J. Hooper,*
of Gregory, for Appellant.

*P. A. Hosford,* of Winner, for Respondents.

GATES, P. J.   The defendant co-operative association, or-
ganized under Rev. Code 1919, §§ 8839-8853, executed its two
promissory notes to plaintiff in the sum of $6,000.   Omitting the
name of Swaffer who did not appear in this action, the notes were
signed "Farmers' Co-Operative Union of Colome, A. W. Carlon,
Pres., J. B. Painter, Sec., C. M. Barton, Director."   Personal

judgment was sought against the individual defendants. The court denied such relief. Plaintiff appeals from the judgment.

The sole question before the court is whether the judgment is sustained by the findings of fact. It is the theory of appellant that because section 8789, Rev. Code 1919, prohibits the directors of a corporation from creating debts beyond the amount of the subscribed capital stock and because section 20, Neg. Inst. Law (Rev. Code 1919, § 1724), provides that, where a person adds to his signature words indicating that he signs in a representative capacity, he is not liable on the instrument if he was "duly authorized," the individual defendants are liable because there could be no authorization for a debt in excess of the subscribed capital stock. The above question is interesting, but we do not think it is fairly raised by the record. Even if said section 8789 applies to co-operative associations organized under Rev. Code 1919, §§ 8839-8853, and even if that section should be read in connection with said section 1724 in determining whether those persons who signed the notes in a representative capacity were "duly authorized" (upon which question we express no opinion), yet it is apparent from the findings that no new debt was created by such notes. They were executed for a pre-existing debt of the association.

This point came before the Supreme Court of West Virginia in a case arising under said section 20 of the Neg. Inst. Law, wherein the court in First Nat. Bank v. Jacobs, 85 W. Va. 653, 102 S. E. 491, said:

"But when the creditor is willing to extend time by renewal, and the representative in the honest and diligent administration of her trust thinks it best to renew a debt, she may do so by an instrument signed in her representative capacity and disclosing the estate intrusted to her care, without personal liability thereon. Such renewal note does not create a new indebtedness against the estate, but merely continues an existing obligation until more advantageous time for payment arrives."

Inasmuch as the findings do not disclose any lack of authority in the signers to execute the notes, unless it be because the notes were executed in a sum in excess of the subscribed capital stock, and inasmuch as it appears that no new debt was created by the execution of said notes, there is nothing in the record upon which

to base a conclusion of law that the notes were not "duly author-
ized," within the meaning of said section 20 of the Neg. Inst.
Law.

The judgment appealed from is affirmed.

DILLON, J., not sitting.